### FRUIT DISPATCH COMPANY *v.* MANOS.

In view of the express stipulations of the contract of sale, the plaintiff was not bound by the alleged agreements of its local agent with the defendant, as set forth in the answer to the suit; and under the evidence a verdict in favor of the plaintiff for the full amount of the purchase-price, with interest, was demanded.

AUGUST 18, 1916.

Complaint. Before Judge Patterson. Fulton superior court. February 11, 1915.

*Little, Powell, Smith & Goldstein,* for plaintiff.

*Walter A. Sims,* for defendant.

FISH, C. J. This is an action brought by the Fruit Dispatch Company, a corporation, against Jim Manos, on open account for the purchase-price of a given quantity of bananas. Defendant in his answer admitted that he "ordered the bananas sued for," but claimed "that the same were to be green fruit, and were to be what is known as S. C. Eights," whereas the fruit shipped him by plaintiff was ripe and more than half of it was "S. C. Sevens," worth in the market twenty cents per hundred pounds less than "S. C. Eights," and plaintiff had charged him, in the account sued on, the same price for both kinds; that upon arrival of the fruit defendant refused to accept it, and notified plaintiff's agent, through whom he had ordered it, of the refusal because the same was too ripe, and not "S. C. Eights;" that the agent "then . . verbally agreed with defendant that if defendant would accept said shipment, that it [the plaintiff] would make said bill for the "S. C.

Sevens' sixty cents per hundred [which was twenty cents per hundred less than the charge in the account for that quality], and that defendant could take the fruit and sell same, and the sum he received for it he should turn over to plaintiff, less a reasonable per cent. for handling same, and that defendant took said fruit to handle on a commission basis under the instructions of said agent;" that he sold it for a given sum of which, less the freight and his commission, he had made a continuing tender to plaintiff; and "that the contract of sale as originally made was rescinded upon the arrival of the fruit," and that defendant was indebted to plaintiff only in the amount so tendered. On the trial plaintiff put in evidence a written contract between plaintiff and defendant, executed prior to the date of defendant's order for the fruit, which contained the following recitals and stipulations: Plaintiff had "established the following uniform conditions to govern all purchases of bananas and other fruit from it. All bananas and fruit are sold by the Dispatch Company delivered f. o. b. freight-cars at the seaboard, with the exception of special sales . . made after arrival of bananas or fruit at the final destination to purchasers personally inspecting and accepting the same on the spot;" that after delivery to the carrier at the seaboard the goods are at the risk of the purchaser, save the special sales referred to; that purchasers of fruit "shall in every instance pay to the Dispatch Company the full amount of invoice, without any deduction whatever, and shall abide by the decision of the Dispatch Company with reference to any claim, and accept in full satisfaction thereof any allowance made by the Dispatch Company;" and that "every order given to or for the Dispatch Company, whether by telephone, telegraph, in writing or otherwise, shall be regarded as being made under and subject to the terms and conditions herein contained. Every purchase from the Dispatch Company of bananas or fruit and every sale thereof by it shall be upon and subject to all the conditions and provisions herein contained, in every respect, unless waived in a writing signed by the President or General Manager of the Dispatch Company, it being expressly stated and understood that no officer, employee, or representative of the Dispatch Company, except only the President or General Manager, has any authority to make any contract or sale of bananas or fruit except upon and subject to the said terms, conditions, and provisions."

In view of the express stipulations of the contract just set forth, the plaintiff was not bound by the alleged agreements of its local agent with the defendant, as set forth in defendant's answer; and under the evidence in the case a verdict in behalf of plaintiff for the full amount of the purchase-price of the bananas, with interest thereon, was demanded; and the court erred in not granting a new trial and setting aside, on plaintiff's motion, a verdict in its favor for $50 less than the purchase-price, and with no interest. *Stamps* v. *Fruit Dispatch Co.,* 8 *Ga. App.* 503 (70 S. E. 81); *Sulunias Banana Co.* v. *Fruit Dispatch Co.,* 18 *Ga. App.* 306 (89 S. E. 376); Fruit Dispatch Co. *v.* Ellis, 75 W. Va. 52 (83 S. E. 187).          *Judgment reversed.   All the Justices concur.*